Barton v Bixler (2023 NY Slip Op 50901(U))

[*1]

Barton v Bixler

2023 NY Slip Op 50901(U)

Decided on August 24, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 24, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., JERRY GARGUILO, GRETCHEN WALSH, JJ

2022-312 S C

Joseph Barton, Respondent,
against
Kelly Bixler, Appellant. 

Nassau Suffolk Law Services (Hannah Abrams of counsel), for appellant.
Joseph Barton, respondent pro se.

Appeal from an order of the District Court of Suffolk County, Third District (C. Stephen Hackeling, J.), dated March 30, 2022, deemed from a final judgment entered May 25, 2022 (see CPLR 5520 [c]). The final judgment in a holdover summary proceeding, entered pursuant to so much of the order as granted the branch of landlord's motion seeking, in effect, summary judgment to the extent of ordering that tenant pay $9,000 by May 1, 2022 and if tenant failed to do so, landlord would be awarded possession, awarded landlord possession and the sum of $9,000 upon tenant's failure to comply with that condition.

ORDERED that the final judgment is reversed, without costs, and the matter is remitted to the District Court for all further proceedings. 
In this holdover proceeding, commenced in September 2020, tenant signed a hardship declaration on March 21, 2021, and then, on June 22, 2021, submitted an application to the COVID-19 Emergency Rental Assistance Program of 2021 (ERAP) (L 2021, ch 56, § 1, part BB, § 1, subpart A, sec 1, § 3 [3], as amended by L 2021, ch 417, § 2, part A, § 1) which application stayed the proceeding by operation of law (see L 2021, ch 56, § 1, part BB, § 1, subpart A, sec 1, § 8, as amended by L 2021, ch 417, § 2, part A, § 4). In February 2022, landlord moved to vacate the ERAP stay and, in effect, for summary judgment. During the pendency of the motion, tenant's ERAP application was approved and landlord received, and has not denied depositing, a [*2]check representing 15 months of use and occupancy at the rate of $1,000 per month rent for the months of March 2020 through February 2021 and July 2021 through September 2021. It was undisputed that tenant had not paid rent to landlord since February 2020. In an order dated March 30, 2022, the District Court implicitly denied, as moot, the branch of landlord's motion seeking to vacate the ERAP stay and granted the branch of landlord's motion seeking, in effect, summary judgment to the extent of ordering that tenant pay $9,000 by May 1, 2022 and directing that, if tenant failed to do so, landlord would be awarded possession and the sum of $9,000. The $9,000 represented the nine months of use and occupancy owed from March 2021 through June 2021 and October 2021 through February 2022, which had not been covered by the ERAP payment. Tenant did not pay the $9,000, and a final judgment was entered on May 25, 2022 awarding landlord possession and the sum of $9,000. 
Preliminarily, tenant argues that this court should review whether courts may vacate stays which are in effect pending the review of tenants' ERAP applications and which expire upon a determination of ineligibility or approval by the New York State Office of Temporary and Disability Assistance (OTDA) (see L 2021, ch 56, § 1, part BB, § 1, subpart A, sec 1, § 8, as amended by L 2021, ch 417, § 2, part A, § 4). This issue is moot, as OTDA approved tenant's application before the District Court determined landlord's motion to vacate the stay. However, we note that this court has already decided this issue (see Avalonbay Communities, Inc. v Dukes, 78 Misc 3d 134[A], 2023 NY Slip Op 50453[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2023]).
In this holdover proceeding, the District Court directed tenant to pay landlord $9,000 in use and occupancy by a date certain or, upon tenant's failure, a final judgment would be entered awarding landlord possession and the sum of $9,000. There is no basis in the Real Property Actions and Proceedings Law for this result, and ERAP does not authorize such a departure from the governing statute. Thus, the final judgment must be reversed. However, contrary to tenant's contentions, the District Court was not required to dismiss the petition upon landlord's acceptance of ERAP funds. Landlord was, upon acceptance of the ERAP funds, bound by the restrictions on eviction set forth in the ERAP statute:
"Acceptance of payment for rent or rental arrears from this program . . . shall constitute agreement by the recipient landlord or property owner . . . not to evict for reason of expired lease or holdover tenancy any household on behalf of whom rental assistance is received for 12 months after the first rental assistance payment is received" (L 2021, ch 56, § 1, part BB, § 1, subpart A, sec 1, § 9 [2] [d], as amended by L 2021, ch 417, § 2, part A, § 5). No provision in ERAP, however, compels the dismissal of a holdover proceeding upon acceptance of rent.
Accordingly, the final judgment is reversed and the matter is remitted to the District Court for all further proceedings. 
EMERSON, J.P., GARGUILO and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 24, 2023